UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     INFORMATION

         - v. -                           :     **18 CRIM 191**

DAVID L. GLASS,                   :

         Defendant.                     :

- - - - - - - - - - - - - - - - - x

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/18

**COUNT ONE**
**(Conspiracy)**

The United States Attorney charges:

I. **OVERVIEW**

1. Between in or about 2009 and continuing through in or about March 2012, DAVID L. GLASS, the defendant, with the assistance and at the direction of a co-conspirator not named as a defendant herein ("CC-1"), and others, diverted over $3.5 million from two charitable trust private foundations of which CC-1 served as a co-trustee. Most of the stolen funds were used by CC-1 personally, rather than for their intended charitable purpose. To conceal the theft of the funds and to hide the income from the Internal Revenue Service ("IRS"), CC-1 directed that the donations be made first to Jewish charitable organizations, and then passed through multiple transactions, ultimately resulting in the purchase of real property for CC-1's benefit, which CC-1 titled in the name of a nominee entity. GLASS received approximately $295,000

**JUDGE DANIELS**

in compensation, a portion of which was unreported to the IRS, for his role in the conspiracy.

## II. THE DEFENDANT AND RELEVANT ENTITIES

2. At all times relevant to this Information, DAVID L. GLASS, the defendant, was a citizen and resident of Fairfield, Connecticut. GLASS was a licensed Certified Public Accountant ("C.P.A.") in New York, and operated an accounting and bookkeeping business in New Rochelle, New York.

3. CC-1 was a citizen and a resident of New City, New York, and later of New York, New York. CC-1 was a New York-licensed attorney.

## III. STATUTORY ALLEGATIONS

4. Beginning in or about 2009, and continuing through in or about March 2012, in the Southern District of New York and elsewhere, DAVID L. GLASS, the defendant, and others known and unknown, did voluntarily, intentionally and knowingly combine, conspire, confederate, and agree together and with each other to defraud the United States of America and an agency thereof, to wit, the IRS, for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the IRS in the ascertainment, computation, assessment, and collection of revenue, to wit, federal income taxes.

## IV. MANNER AND MEANS BY WHICH THE CONSPIRACY WAS CARRIED OUT

5. The manner and means by which the conspiracy was sought to be accomplished included, among other things, the following:

    a. By directing funds to pass through charitable entities so as to give the funds the appearance of proper donations and then redirecting the funds to accounts and entities under the custody and control of CC-1 and DAVID L. GLASS, the defendant.

    b. By concealing funds and income in nominee accounts.

    c. By titling real property in nominee names.

    d. By transferring title of real property between nominees and changing the trustees for the titleholder.

    e. By making false and misleading statements and representations to agents of the IRS.

    f. By providing backdated and falsified documents to the IRS.

    g. By causing the preparation and filing of false Forms 990-PF Return of Private Foundation, false Forms 1040 U.S. Individual Income Tax Returns, and false Forms 1120 U.S. Corporation Income Tax Returns with the IRS.

## V. OVERT ACTS

6. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others,

were committed by DAVID L. GLASS, the defendant, CC-1, and others known and unknown, in the Southern District of New York and elsewhere:

  a. In or about October 2009, GLASS and CC-1 recruited the Director of a Hebrew school ("the Hebrew School") in Connecticut to serve as a conduit for the transfer of funds. As explained to the Director, two charitable trusts in New York, New York would donate funds to the Hebrew School, which would then transfer most of the funds to another entity, the United Jewish Education Fund ("UJEF").

  b. On or about November 19, 2009, GLASS and CC-1 caused the Hebrew School to make a $3,502,500 distribution from a bank account associated with the Hebrew School to a bank account in the name of the UJEF Trust.

  c. On or about May 18, 2010, GLASS and CC-1 caused the filing with the IRS of a 2009 Form 990-PF, Return of Private Foundation, on behalf of UJEF, which falsely reported, among other things, receiving a charitable contribution from the Hebrew School of $3,503,500, and making a contribution in the amount of $3,503,500 to Education Support Foundation Trust, which is an entity created by CC-1. In fact, these funds were transferred through other nominee entities and used to purchase a residential property ("the Southampton Property") for approximately $3,025,000 on behalf of CC-1.

4

d.  On or about January 19, 2012, GLASS and CC-1 met with an IRS Revenue Agent (the "Revenue Agent") in New York, New York and made false and fraudulent representations concerning, among other things, the purpose of the $3,503,500 transaction, the source of the $3,503,500 contribution from the Hebrew School to UJEF, and the ownership of the Southampton Property.

e.  On or about February 8, 2012, GLASS and CC-1 submitted correspondence, together with attachments, to the Revenue Agent which made false and fraudulent representations concerning, among other things, an acknowledgement letter from UJEF to the Hebrew School, dated December 1, 2009.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Corruptly Endeavoring to Obstruct and Impede the Due Administration of the Internal Revenue Laws)

The United States Attorney further charges:

7.  The allegations in paragraphs 1 through 3, and 5 through 6 of this Information are repeated and realleged as though fully set forth herein.

8.  From in or about 2009 through in or about March 2012, in the Southern District of New York and elsewhere, DAVID L. GLASS, the defendant, did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws, and aided and abetted such activity, through various means and methods, including, among others, the following:

5

a. GLASS created and caused to be created nominee entities, opened and caused to be open bank accounts in the name of nominees, and assisted CC-1 in diverting income through the use of nominee entities and accounts held in the name of nominees.

b. GLASS caused the preparation, signing and filing of a false Forms 990-PF on behalf of UJEF for the tax year 2009 that falsely and fraudulently reported the charitable activities during the tax year.

c. During the course of an IRS audit and examination, GLASS and CC-1 made and caused to be made false and misleading statements and representations to the IRS on or about January 19, 2012, February 8, 2012, and March 19, 2012.

(Title 26, United States Code, Section 7212(a); Title 18 United States Code, Section 2.)

*Geoffrey Berman*
GEOFFREY S. BERMAN
United States Attorney

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

DAVID L. GLASS,

Defendant.

INFORMATION

18 Cr. _____

(Title 18, United States Code, Section 371;
Title 26, United States Code, Section
7212(a) and Title 18, United States Code,
Section 2.)

GEOFFREY S. BERMAN
United States Attorney